UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| RAYMOND LOPEZ, </br></br>  Plaintiff, </br></br> V. </br></br> JOSEPH BAKER, et al., </br></br>  Defendants. </br></br> and </br></br> ROY RODRIGUEZ, </br></br>  Plaintiff, </br></br> V. </br></br> JOSEPH BAKER, et al., </br></br>  Defendants. | Civil Action No. 5: 20-199-DCR </br> and </br> Civil Action No. 5: 20-200-DCR </br></br></br></br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Raymond and Roy Rodriguez are brothers. They separately bring identical federal and state claims against the same defendants. The plaintiffs allege facts that arise out of the same interaction with law enforcement. And they are represented by the same attorney. As a result, it is appropriate to consolidate their separate actions for purposes of consideration of similar

motions filed in each action.[1]  Fed. R. Civ. P. 42(a).  The cases are presently pending for consideration of the defendants' motions to dismiss and motions for partial judgment on the pleadings.  [Record Nos. 5 and 7].  Defendants Joseph Baker ("J. Baker"), Jayme Westerfield, Linda Gorton, and Lawrence Weathers request dismissal in *Lopez v. Baker, et al.*, Civil Action No. 5: 20-199-DCR.  [Lopez Record No. 12, at p. 7]  Defendant Brian Baker ("B. Baker") requests dismissal of the state-law claim for false imprisonment as to *Lopez*.  [*Id.*]  Defendants B. Baker, Westerfield, Gorton, and Weathers request dismissal in *Rodriguez v. Baker, et al.*, Civil Action No. 5: 20-200-DCR.  [Rodriguez Record No. 12, at p. 7]  And J. Baker requests dismissal of the state-law claim for false imprisonment as to *Rodriguez*.  [*Id.*]

### I.

The plaintiffs' Complaints arise out from a May 16, 2019, traffic stop involving family members.  [Record No. 1, at ¶ 10]  Their mother, who does not speak English, had been pulled over for an alleged traffic violation.  [*Id.* at ¶¶ 10–11]  J. Baker, B. Baker, and Westerfield are officers with the Lexington Police Department who were present for purposes of the traffic stop.  J. Baker spoke with Rodriguez on the phone to assist in translation.  [*Id.* at ¶ 11]  Both brothers arrived on the scene, Lopez "to help" and Rodriguez to "ask[] what was going on." [Lopez Record No. 1, at ¶ 12; Rodriguez Record No. 1, at ¶ 13]  An exact timeline of the alleged incident cannot be ascertained from the Complaints alone.  Both Complaints reference, but do not attach, body camera footage.  The allegations will be presented separately, due to lack of a timeline, but the Complaints indicate that the facts overlap.

---

[1] Docket numbers align closely in both cases.  Citations to the record with no additional identifier—e.g., [Record No. 1]—lead to identical docket entries.  Where the docket entries diverge, identifiers—e.g., [Lopez Record No. 1]—are included.

Lopez alleges that, after his arrival, he was directed to stand on the other side of the road, and he complied. [Lopez Record No. 1, at ¶ 12] J. Baker then directed Lopez to either assist in retrieving his mother's vehicle title, or to remain where he was. [*Id.* at ¶ 13] He asserts that he stood in place. [*Id.*] Upon a request from Westerfield, Lopez assisted the officer in locating a vehicle identification number and stood near the vehicle. [*Id.* at ¶¶ 15–18] B. Baker asked Lopez to step back from the vehicle on two occasions, and he contends that he complied with that directive. [*Id.* at ¶¶ 19–20] When Lopez asked where B. Baker was located, B. Baker told him he was "sick of [his] attitude." [*Id.* at ¶ 21] Lopez then explained he was assisting in locating the vehicle identification number, and J. Baker yelled for him to return to the other side of the street. [*Id.* at ¶¶ 22–23] The plaintiff contends that, as he complied, B. Baker arrested and patted down Lopez. [*Id.* at 24]

It appears Rodriguez arrived on the scene separately. [Rodriguez Record No. 1, at ¶ 13] He asserts that he approached the officers "casually, on the sidewalk, . . . with his hands in his pockets." [*Id.* at ¶ 15] As he approached, J. Baker twice requested that he stay back and then pushed Rodriguez, despite his compliance. [*Id.* at ¶¶ 16–18] J. Baker then arrested Rodriguez and called him and his brother "stupid." [*Id.* at ¶ 20; Rodriguez Record No. 10, at p. 2]

Lopez was charged with obstructing an emergency responder, in violation of KRS § 525.015, and Rodriguez was charged with obstructing an emergency responder and menacing, in violation of KRS § 508.050. [Lopez Record No. 1, at ¶ 28; Rodriguez Record

No. 1, at ¶ 21] Both were booked, arraigned, and released on May 16, 2019.[2] [Lopez Record No. 1, at ¶¶ 30–31; Rodriguez Record No. 1, at ¶¶ 22–23] Both of the plaintiffs' charges of obstructing an emergency responder were dismissed on February 21, 2020. [Lopez Record No. 1, at ¶ 32; Rodriguez Record No. 1, at ¶ 24]

Based on the above allegations, the plaintiffs assert the following federal claims: (i) unreasonable seizure; (ii) unreasonable search; and (iii) false arrest under 42 U.S.C. § 1983. [Record No. 1, at counts I-III] They assert against Defendants Gorton and Weathers: (iv) failure to train and (v) failure to supervise. [*Id.*, at counts V-VI] They also assert the following state-law claims: (vi) intentional infliction of emotional distress ("IIED"); (vii) negligent infliction of emotional distress ("NIED"); (viii) malicious prosecution; and (ix) false imprisonment. [*Id.*, Counts VII-X][3]

## II.

When considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether a complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). And while the complaint need not contain "detailed factual allegations" under this standard, "a plaintiff's obligation to provide the

---

[2] Both Complaints use the date May 16, 2020. The Court will assume, based on the relevant timeline, that this was error and that May 16, 2019, is the correct date.

[3] The plaintiffs' claims will be referred to by the count number identified in the Complaints. [Record No. 1] Neither Complaint contains a Count IV.

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). Motions to dismiss under Rule 12(c) are reviewed under the same standard as those under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007).

Although discussed by the parties, qualified immunity does not factor into the Court's analysis of the motions to dismiss. The Sixth Circuit has held that "it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity." *Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015). This "general preference" exists due to the fact-specific inquiry involved in a qualified immunity analysis. *Guterin v. Michigan*, 912 F.3d 907, 917 (6th Cir. 2019) (quoting *Evans-Marshall v. Bd. Of Educ. Of Tipp City Exempted Vill. Sch. Dist.*, 428 F.3d 223, 235 (6th Cir. 2005) (Sutton, J., concurring)).

### III.

a. § 1983 Claims (Counts I–III)

Lopez and Rodriguez allege that J. Baker, B. Baker, and Westerfield violated their Fourth Amendment rights in three ways: (1) unreasonable seizure; (2) unreasonable search; and (3) false arrest.[4] They bring these claims under 42 U.S.C. § 1983. J. Baker and Westerfield have moved to dismiss all three claims in Lopez's case. [Lopez Record No. 7] And B. Baker and Westerfield have moved to dismiss all three claims in Rodriguez's case. [Rodriguez Record No. 7]

---

[4] Brought as separate claims, Counts I and III "produce[] two Fourth Amendment claims for a single Fourth Amendment injury." *Tlapanco v. Elges*, ---F.3d ---, 2020 U.S. App. LEXIS 25595, at *43 (6th Cir. Aug. 12, 2020) (Thapar, J., concurring). As one member of the Sixth Circuit has suggested, "[f]or maximum clarity, we should simply call every unreasonable-seizure claim what it is: an unreasonable-seizure claim. *Id.* at *43 n.1.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that . . . establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citations omitted). And the defendants, sued here in their individual capacities, "can be held liable based only on their own unconstitutional behavior." *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991). Accordingly, to successfully state a claim, the plaintiffs must show that *each* defendant was personally involved in the alleged unreasonable searches and seizures.

Under this standard, Lopez and Rodriguez have failed to state a claim against the non-arresting officers. They have adequately alleged that the officers who arrested them may be liable. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the officers who they allege *actually* searched them and seized them may be liable for an unreasonable search and seizure. To the remaining officers, however, the Complaints are only a "formulaic recitation of a cause of action," which cannot overcome a 12(b)(6) motion. *Twombly*, 550 U.S. at 555. And their arguments that the other officers' involvement in the underlying traffic stop is sufficient are unavailing. [Lopez Record No. 1, at ¶ 12; Rodriguez Record No. 10, at p. 8–9] "[A]n officer's mere presence . . . is insufficient to establish individual liability under § 1983." *Burley v. Gagacki*, 729 F.3d 610, 622 (6th Cir. 2013) (citing *Ghandi v. Police Dep't of Detroit*, 747 F.2d 338, 352 (6th Cir. 1984)). And mere presence is all Lopez and Rodriguez

allege as to the non-arresting officers. Beyond communications with other officers regarding the traffic stop, the Complaints contain no factual allegations that the non-arresting officers assisted in the alleged searches and seizures of Lopez and Rodriguez.

In summary, Lopez and Rodriguez have only stated a claim against the officer that arrested them. For Lopez, that is B. Baker. And for Rodriguez, that is J. Baker. Accordingly, it is appropriate to dismiss Counts I through III as to J. Baker (in *Lopez*), B. Baker (in *Rodriguez*), and Westerfield (in both). And to the extent that Defendant Gorton and Weathers are included in Counts I through III on a theory of *respondeat superior*, those claims will also be dismissed.

### b. Failure to Train and Supervise (Counts V–VI)

Lopez and Rodriguez also allege that Lexington Mayor Linda Gorton and Lexington Police Chief Lawrence Weathers failed to train and supervise the other defendants, thereby making them liable for the alleged violations. [Record No. 1, Counts V–VI] Gorton and Weathers have moved to dismiss both claims. [Record No. 5]

The plaintiffs' claims against Gorton and Weathers amount to claims for individual, supervisory liability under Section 1983. "Supervisory officials are not liable in their individual capacities unless they 'either encouraged the specific incident of misconduct or in some other way directly participated in it." *Heyerman*, 680 F.3d at 647 (quoting *Hays v. Jefferson Cty.*, 668 F.2d 869, 874 (6th Cir. 1982)). "At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays*, 668 F.2d at 874; *see also Garza v.*

*Lansing Sch. Dist.*, --- F.3d ---, 2020 U.S. App. LEXIS 27523, at *19–20 (6th Cir. Aug. 28, 2020).

Lopez and Rodriguez fail to meet this burden. Their Complaints allege that both "participated in the mistreatment of the Plaintiff." [Record No. 1, at ¶ 7–8] But they then proceed to allege only that Gorton and Weathers "had a duty to train their employees and/or agents regarding proper arrests and procedures for charging a citizen with Obstructing Emergency Responder" and that they "had a duty to properly supervise their employees and/or agents regarding proper arrests and procedures for charging a citizen with Obstructing Emergency Responder." [Lopez Record No. 1, ¶¶ 57, 61; Rodriguez Record No. 1, ¶¶ 49, 54] By assigning responsibility to Gorton and Weathers for alleged supervisory flaws—rather than for specific action regarding this incident—they "improperly conflate[] a § 1983 claim of individual supervisory liability with one of municipal liability." *Hyerman*, 630 F.3d at 647–48 (quoting *Phillips v. Roane Cty.*, 534 F.3d 531, 543 (6th Cir. 2008)). Accordingly, it is appropriate to dismiss Counts V and VI in both actions.

### c. State Law Claims (Counts VII–X)

Lopez and Rodriguez have stated a desire to "voluntarily dismiss[]" their claims for IIED and NIED as to J. Baker, B. Baker, and Westerfield, and voluntarily dismiss their claims for NIED as to Gorton and Weathers. [Lopez Record Nos. 10, at p. 11 and 11, at p. 11; Rodriguez Record Nos. 10, at p. 9 and 11, at p. 10] This request amounts to waiver of opposition to the motions to dismiss those claims, and they will be dismissed with prejudice.[5]

---

[5] "[A]n amendment pursuant to Rule 15 is the appropriate way to dispose of fewer than all claims against a defendant." *Baker v. City of Detroit*, 217 F. App'x 491, 496–97 (6th Cir. 2007).

*See Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008).  Additionally, where the Court has dismissed all federal claims against a Defendant—J. Baker (*Lopez*), B. Baker (*Rodriguez*), Westerfield, Gorton, and Weathers—it will decline to exercise jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c)(3).

B. Baker has not moved for dismissal of Lopez's malicious prosecution claim, and J. Baker has not moved for dismissal of Rodriguez's malicious prosecution claim; therefore, both claims remain pending.  But both Bakers argue that the claims for false imprisonment are time-barred.  [Lopez Record No. 7, at p. 8–10; Rodriguez Record No. 7, at p. 8-10]  To address those arguments, the Court must consider whether the 26-day delay between issuance and service of the Summons demonstrates the plaintiffs' lack of good faith.  *Gibson v. Slone*, No. 10-145-ART, 2011 WL 2009815, at *1 (E.D. Ky. May 23, 2011).  At the motion-to-dismiss stage, this Court may only consider statutes of limitations defenses where "the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).  The good faith analysis requires this Court to look outside the pleadings, and it is more appropriate for consideration at the summary judgment stage. Accordingly, four state-law claims remain: Lopez's malicious prosecution and false imprisonment claims against B. Baker, and Rodriguez's malicious prosecution and false imprisonment claims against J. Baker.

## IV.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. The defendants' motions to dismiss [Record Nos. 5 and 7] are **GRANTED,** in part, as set forth in this Memorandum Opinion and Order.

2. The following claims in *Lopez v. Baker, et al.*, Civil Action No. 5: 20-199-DCR are **DISMISSED,** with prejudice:

   a. J. Baker: Counts I, II, III, VII, and VIII;
   b. B. Baker: Count VII and VIII;
   c. Westerfield: Counts I, II, III, VII, and VIII;
   d. Gorton: Counts V, VI, and VIII; and
   e. Weathers: Counts V, VI, and VIII.

3. The following claims in *Rodriguez v. Baker, et al.*, Civil Action No. 5: 20-200-DCR are **DISMISSED,** with prejudice:

   a. J. Baker: Counts VII and VIII;
   b. B. Baker: Counts I, II, III, VII, and VIII;
   c. Westerfield: Counts I, II, III, VII, and VIII;
   d. Gorton: Counts V, VI, and VIII; and
   e. Weathers: Counts V, VI, and VIII.

4. The following claims in *Lopez v. Baker, et al.*, Civil Action No. 5: 20-199-DCR are **DISMISSED,** without prejudice:

   a. J. Baker: Counts IX and X;
   b. Westerfield: Counts IX and X;
   c. Gorton: Counts VII, IX, and X; and
   d. Weathers: Counts VII, IX, and X.

5. The following claims in *Rodriguez v. Baker, et al.*, Civil Action No. 5: 20-200-DCR are **DISMISSED,** without prejudice:

   a. B. Baker: Counts IX and X;
   b. Westerfield: Counts IX and X;
   c. Gorton: Counts VII, IX, and X; and
   d. Weathers: Counts VII, IX, and X.

6. The defendants' motions to dismiss [Record Nos. 5 and 7] are **DENIED** with respect to the remaining claims.

7. All claims asserted against the following defendants having been resolved, Defendants J. Baker, Westerfield, Gorton, and Weathers are **DISMISSED** as parties to *Lopez v. Baker, et al.*, Civil Action No. 5: 20-199-DCR.

8. All claims asserted against the following defendants having been resolved, Defendants B. Baker, Westerfield, Gorton, and Weathers are **DISMISSED** as parties to *Rodriguez v. Baker, et al.*, Civil Action No. 5: 20-200-DCR.

9. The following claims remain pending in *Lopez v. Baker, et al.*, Civil Action No. 5: 20-199-DCR: Counts I–III and IX–X as to Defendant B. Baker.

10. The following claims remain pending in *Rodriguez v. Baker, et al.*, Civil Action No. 5: 20-200-DCR: Counts I–III and IX–X as to Defendant J. Baker.

Dated: September 3, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky